## ROMERO v. McKERNAN et al.

### (Supreme Court, Appellate Term. May 19, 1904.)

1. CARRIERS—BAGGAGE—LIABILITY OF CONNECTING CARRIER.

Where an initial carrier sold tickets to points on the line of a connecting carrier, there being no special contract or partnership between the two under which one was responsible for the default of the other, nor anything to show that the initial carrier acted as agent for the other, the connecting carrier could not be held liable for the loss of a trunk delivered to the initial carrier, in the absence of any evidence that it was ever received by the connecting carrier.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by John Romero against Edward McKernan and the Baltimore & Ohio Railroad Company. From a judgment for plaintiff, defendant railroad appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Guthrie, Cravath & Henderson, for appellant.

Charles La Rue, for respondent plaintiff.

F. K. Clark, for respondent McKernan.

SCOTT, J. There is no evidence whatever that the defendant railroad company ever received the plaintiff's trunk. The evidence is that it was delivered to the New Jersey Central Railroad. There is nothing upon which to predicate a finding that in receiving the trunk the latter company acted as agent for the Baltimore & Ohio Company. What does appear is that the New Jersey Central Road maintains a baggage office at which the trunk was received, and that it issues tickets to points on the line of the Baltimore & Ohio Road. It appears to be a connecting road. No special contract or partnership is shown between the two railroads under which one is answerable for the default of the other. As the evidence stands, it is the New Jersey Central Road which received plaintiff's trunk, and which is responsible, if any one is.

The judgment must be reversed and a new trial granted, with costs to appellant to abide the event. All concur.

¶ 1. See Carriers, vol. 9, Cent. Dig. § 1552.